**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TREVA R. STEWART, ESQ., SBN 239829**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TStewart@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADIMIKA BLOCKMAN, as successor in interest to Decedent AAMONTE HADLEY; NORMAN HADLEY, JR., as successor in interest to Decedent AAMONTE HADLEY. <br><br> Plaintiffs, <br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C. § 1983) <br><br><br> JURY TRIAL DEMANDED |

///

# INTRODUCTION

1. On or around September 3, 2024, Decedent, Aamonte Hadley ("Ms. Hadley"), was found unresponsive in her cell at San Francisco County Jail Number 2 and later pronounced deceased. At the time, Ms. Hadley was in the custody of the City and County of San Francisco, under the supervision of the Sheriff's Department. Prior to her death, inmates told the guards Ms. Hadley was gasping for air showing clear signs of medical distress. Officers and jail staff failed to conduct appropriate wellness checks or respond to multiple requests by another inmate to assess Ms. Hadley's condition, ultimately depriving her of life-saving medical attention.

# JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, which is within this judicial district.

# PARTIES

3. Decedent AAMONTE HANDLEY (hereinafter "Decedent") was an adult, and died intestate with no children, unmarried, and was the biological daughter of Plaintiffs ADIMIKA BLOCKMAN AND NORMAN HADLEY, JR.

4. Plaintiff ADIMIKA BLOCKMAN (hereinafter "Ms. Blockman") is a competent adult, a resident of California, and a citizen of the United States. Plaintiff ADIMIKA BLOCKMAN is the biological mother of Decedent AAMONTE HADLEY. Plaintiff ADIMIKA BLOCKMAN brings these claims individually and on behalf of Decedent AAMONTE HADLEY on the basis of 42 U.S. §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only his rights, but also other' civil rights of great importance.

5. Plaintiff NORMAN HADLEY, JR. (hereinafter "Mr. Hadley") is a competent adult, a resident of California, and a citizen of the United States. Plaintiff NORMAN HADLEY, JR. is the biological father of Decedent AAMONTE HADLEY. Plaintiff NORMAN HADLEY, JR. brings these claims individually and on behalf of Decedent AAMONTE HADLEY on the basis of 42 U.S. §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only his rights, but also other' civil rights of great importance.

6. Defendant CITY AND COUNTY OF SAN FRANCSICO (hereinafter "Defendant CCSF") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN FRANCISCO SHERIFF'S DEPARTMENT and SAN FRANCISCO COUNTY JAIL NUMBER 2.

7. Plaintiffs are ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictious names. Defendants DOES 1 through 50 are employees of Defendants CCSF who work in SAN FRANCISCO COUNTY JAIL NUMBER 2. Plaintiffs will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiffs believe and allege that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

8. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant CITY AND COUNTY OF SAN FRANCISCO.

9. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiffs filed a timely government tort claim with Defendant CCSF on February 26, 2025, which was rejected by operation of law on April 07, 2025.

## FACTUAL ALLEGATIONS

12. On, September 1, 2022, Decedent was admitted to San Francisco County Jail Number 2 as a pre-trial detainee awaiting trial in the custody of the Defendant CCSF and under the supervision of deputies, officers, and employees of the San Francisco County Sheriff's Department, including DOES 1-50.

13. In the evening of September 2, 2024, several inmates told jail staff, including DOES 1-50, that Decedent was having complications breathing and was gasping for air in her cell. On information and belief, DOES 1-50 went to Decedent's cell, looked inside, and saw Decedent laying on her bed with her mouth open.

14. Does 1-50 did not enter Decedent's cell to check on Decedent's wellbeing, nor did they summon medical aid. Instead, DOES 1-50 returned to their work area. No jail staff went into Decedent's cell to check on her.

15. The next morning, September 3, 2024, Decedent was found unresponsive in her cell and was later pronounced deceased.

## DAMAGES

16. As a direct and proximate result of each of the Defendant's conduct, Decedent and Plaintiffs ADIMIKA BLOCKMAN and NORMAN HADLEY suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as United States Citizens.

17. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of AAMONTE HADLEY;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support and loss of familial association;

    e. Pain and Suffering, including emotional distress;

    f. AAMONTE HADLEY's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

    g. AAMONTE HADLEY's loss of life, pursuant to federal civil rights law;

    h. Violation of constitutional rights; and

    i. All damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

18. The conduct of Defendant CCSF and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of AAMONTE HADLEY, Plaintiffs, and the public. Plaintiffs are therefore entitled to an award of punitive damages against Defendants

and DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourteenth Amendment—Deliberate Indifference under 42 U.S.C. Section 1983)**
*(Plaintiffs ADIMIKA BLOCKMAN and NORMAN HADLEY, JR. against Defendant DOES 1-50)*

19. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

20. By the actions and omissions described above, Defendants CCSF and DOES 1-50 violated 42 U.S.C. §1983, depriving Decedent of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution:

   a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment.

21. Defendants CCSF and DOES 1-50 subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein with reckless disregard for whether the rights and safety of Decedent would be violated by their acts and/or omissions.

22. As a result of their misconduct, Defendants CCSF and DOES 1-50 are liable for Decedent's injuries and/or damages. Defendants CCSF and DOES 1-50's conduct was egregious, outrageous and shocks the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Decedent's safety, health and wellbeing. As such, Plaintiffs are entitled to punitive damages and penalties as allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(NEGLIGENCE AND WRONGFUL DEATH)**
*(Plaintiffs ADIMIKA BLOCKMAN and NORMAN HADLEY, JR. against Defendants CCSF and DOES 1-50)*

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

23. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

24. At all times, Defendants CCSF and DOES 1-50 owed Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

25. At all times, Defendant CCSF and DOES 1-50 owed Decedent the duty to act with reasonable care.

26. These general duties of reasonable care and due care owed to Decedent by Defendants include but are not limited to the following specific obligations:

   a. to refrain from violating Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

   b. to protect inmates from foreseeable harm;

   c. to summon medical aid for inmates in medical distress.

27. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Decedent.

28. Defendant CCSF is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code § 815.2.

29. As a direct and proximate result of Defendants' negligence, Decedent sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)**
*(Plaintiffs ADIMIKA BLOCKMAN and NORMAN HADLEY, JR. individually against DOES 1-50)*

30. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

31. By the actions and omissions described, Defendants DOES 1-50 violated 42 U.S.C. § 1983, depriving Plaintiffs ADIMIKA BLOCKMAN and NORMAN HADLEY, JR. of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment of the United States Constitution including:

    a. Right to familial association.

32. Defendants DOES 1-50 subjected Decedent to their wrongful conduct, thereby depriving Decedent and Plaintiffs of the rights described herein with reckless disregard for whether the rights and safety of Decedent, Plaintiffs, and others would be violated by their acts and/or omissions. Defendants DOES 1-50 were deliberately indifferent to Decedent's serious medical needs, thereby depriving Plaintiffs of their familial relationship with their son.

33. As a direct and proximate result of Defendants DOES 1-50's acts and/or omissions as set forth above, Decedent sustained injuries and damages as set forth herein.

34. Defendants DOES 1-50's conduct was egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Decedent's safety, health, and well-being. As such, Plaintiffs are entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

35. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For wrongful death damages in a sum to be proven at trial;

3. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

4. For punitive damages against Defendants in a sum according to proof;

5. All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6. For injunctive relief;

7. For the cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

Dated: October 7, 2025

                          POINTER & BUELNA, LLP
                          LAWYERS FOR THE PEOPLE

                          /s/ *Adante D. Pointer*
                          ADANTE D. POINTER
                          Attorneys for Plaintiffs