UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADIMIKA BLOCKMAN, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

Case No. 25-cv-08576-KAW

**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART MOTION TO DISMISS**

Re: Dkt. No. 10

On October 7, 2025, Plaintiffs Adimika Blockman and Norman Hadley, Jr. filed the instant lawsuit against Defendants City and County of San Francisco ("San Francisco") and Does 1-50, alleging constitutional violations related to the death of their daughter, Aamonte Hadley ("Decedent"). (Compl., Dkt. No. 1.) Pending before the Court is Defendant San Francisco's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 10.)

The Court previously vacated the February 5, 2026 hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 19.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS IN PART, DENIES IN PART, and DEFERS IN PART Defendant San Francisco's motion to dismiss.

## I.   BACKGROUND

On September 1, 2022,[1] Decedent was admitted to San Francisco County Jail number 2 as a pre-trial detainee. (Compl. ¶ 12.) In the evening of September 2, 2024, several inmates told jail staff, including Doe Defendants, that Decedent was having complications breathing and was gasping for air in her cell. (Compl. ¶ 13.) Doe Defendants went to Decedent's cell, looked inside,

---

[1] It is not clear if 2022 is a typo.

and saw Decedent laying on her bed with her mouth open. (Compl. ¶ 13.) Doe Defendants did not enter the cell to check on Decedent's well-being or summon medical aid but instead returned to their work area. (Compl. ¶ 14.) In the morning of September 3, 2024, Decedent was found unresponsive in her cell and was later pronounced deceased. (Compl. ¶ 15.)

On October 7, 2025, Plaintiffs filed the instant action, alleging: (1) 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment (deliberate indifference) against Doe Defendants, (2) negligence and wrongful death against all Defendants, and (3) § 1983 claim for violation of the Fourteenth Amendment (familial loss) against Doe Defendants. On December 8, 2025, Defendant San Francisco filed the instant motion to dismiss. On January 6, 2026, Plaintiffs filed their opposition. (Pls.' Opp'n, Dkt. No. 17.) On January 13, 2026, Defendant San Francisco filed its reply. (Defs.' Reply, Dkt. No. 18.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Doe Defendants

First, Defendant San Francisco argues that the complaint fails to comply with Rule 8 because Plaintiffs fail to identify what each Defendant did, specifically the Doe Defendants. (Def.'s Mot. to Dismiss at 6-7.)

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). That said, the Ninth Circuit has acknowledged that "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* Thus, courts in this district have permitted "an initial phase of discovery narrowly aimed at determining the identities of the individual Doe defendants and other key facts relevant to [the plaintiff's] claims against the individual Doe defendants" where the plaintiff had pled sufficient facts to state a claim against the Doe defendants. *Miles v. Cnty. of Alameda*, No. 22-CV-06707-WHO, 2023 WL 2766663, at *7 (N.D. Cal. Apr. 3, 2023); *see also J.T. v. City & Cnty. of San*

*Francisco*, No. 23-CV-06524-LJC, 2024 WL 1973471, at *3 (N.D. Cal. May 2, 2024) ("The Court does not find other clear grounds for dismissal of all claims against Doe Defendants at this time, and therefore grants R.P. leave to conduct discovery to identify the individuals he wishes to sue.").

Such is the case here. As discussed below, the Court finds that Plaintiffs have adequately pled a deliberate indifference claim against the Doe Defendants. As to the identification of Doe Defendants, Defendant San Francisco does not appear to suggest that Doe Defendants cannot be identified in discovery. Rather, Defendant San Francisco complains that Plaintiffs should have already identified them by obtaining their identities from the inmates who alerted staff about Decedent having complications breathing. (Def.'s Reply at 1, 2.) This argument seems speculative; it is unclear whether Plaintiffs are aware of the identities of the inmates who alerted staff or whether the inmates would be able to identify the specific Doe Defendants at issue. Moreover, Defendant San Francisco does not dispute Plaintiffs' assertion that Defendants "have not provided any information in response to Plaintiffs' pre-lawsuit request for information pertaining to this incident." (*See* Pls.' Opp'n at 4.)

In the alternative, Defendant San Francisco argues that because Plaintiffs have not served Doe Defendants within 90 days, dismissal is required under Rule 4(m). (Def.'s Reply at 2.) It is unclear how Plaintiffs are expected to serve Doe Defendants when their identities are unknown. Rather, the proper course of action is to permit expedited discovery into Doe Defendants' identities and set a deadline for amendment of the complaint to name the alleged Doe Defendants.

### B.    *Monell Claims*

Next, Defendant San Francisco seeks to dismiss the § 1983 claims against it because Plaintiffs fail to assert a *Monell* theory of liability. (Def.'s Mot. to Dismiss at 7-8.) As Plaintiffs point out, however, the § 1983 claims are only brought against Doe Defendants, not Defendant San Francisco. (Pls.' Opp'n at 10.) Thus, there are no § 1983 claims to dismiss as to Defendant San Francisco.

### C.    Qualified Immunity

Defendant San Francisco contends that qualified immunity applies in this case. (Def.'s Mot. to Dismiss at 8.) "The doctrine of qualified immunity protects government officials from

4

United States District Court
Northern District of California

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation omitted).  In determining whether qualified immunity applies, a court must first "decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Id.* at 232.  A court then "must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct.  Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id.*

The Ninth Circuit has explained that "[d]etermining claims of qualified immunity at the motion-to-dismiss stage raises special problems for legal decision making." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).  Thus, when deciding whether to "dismiss[] a complaint for failure to state a claim based on a qualified immunity defense," the court must "consider whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware in light of the specific context of the case." *Id.*

The Court finds that, at the pleading stage, Plaintiffs have alleged an adequate claim.  To establish deliberate indifference in failing to provide constitutionally adequate medical care, a plaintiff must allege:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined[,] including a decision with respect to medical treatment;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved--making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Sandoval. v. Cnty. of San Diego*, 985 F.3d 657, 669 (internal quotation omitted).  Further, "[t]o satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of more than negligence but less than subjective intent --

something akin to reckless disregard." *Id.* (internal quotation omitted).

In *Sandoval*, the Ninth Circuit found that deliberate indifference could be established where the defendant (a nurse) was informed by a deputy that the decedent was "sweating, tired, and disoriented," and that the defendant should "look at [the decedent] more thoroughly." 985 F.3d at 670. Despite this information, the defendant did nothing more than administer a duplicative blood sugar test before clearing the decedent for booking. The defendant never checked on the decedent again, nor did he inform any other nurse of the decedent's possible medical issue. The Ninth Circuit found that a reasonable nurse who had been told that the decedent was shaking, tired, disoriented, and should be looked at "more thoroughly," would have understood that the decedent faced a substantial risk of serious harm as "[s]weating and being so disoriented that officers observe and comment about it are not everyday conditions." *Id.*

Such is the case here, as the Doe Defendants were informed by "several inmates" that "Decedent was having complications breathing and was gasping for air in her cell." (Compl. ¶ 13.) In turn, Doe Defendants looked inside Decedent's cell and saw her lying on her bed with her mouth open but did nothing else. (Compl. ¶¶ 13-14.) Decedent was then found dead the following morning. (Compl. ¶ 15.) In other words, Doe Defendants were specifically put on notice by several individuals that Decedent was having trouble breathing but did nothing more than look in her cell. The severity of her condition is highlighted by the fact that Decedent was found dead the next morning.

In opposition, Defendant San Francisco repeatedly asserts that Decedent was merely "sleeping," arguing that inmates informed staff that Decedent "was having breathing issues while sleeping" and that staff checked on her and "saw her sleeping, i.e. laying on her bed with her mouth open, but no signs of distress." (Def.'s Mot. to Dismiss at 12.) Nowhere, however, is it alleged that Decedent was "sleeping." Defendant San Francisco also contends that Doe Defendants had no reason to perceive a serious risk of harm, but this ignores that Doe Defendants were specifically warned by other inmates that Decedent was having complications breathing. (*See* Def.'s Reply at 7.) Defendant San Francisco then argues that Doe Defendants were not deliberately indifferent because they did check on Decedent. (Def.'s Mot. to Dismiss at 12.) This

United States District Court
Northern District of California

alone appears insufficient to disprove deliberate indifference; in *Sandoval*, the defendant nurse conducted a duplicative blood sugar test, but this single act did not absolve the defendant nurse from being deliberately indifferent. *See* 985 F.3d at 670. Finally, Defendant San Francisco argues that Doe Defendants cannot be liable because they are not medical staff, unlike Defendant in *Sandoval*. (Defs.' Mot. to Dismiss at 12.) Putting aside that it is not known whether Doe Defendants were medical staff (as they have not been identified), a jury could find that even a layperson would have reason to believe that Decedent was at serious risk of harm based on the multiple warnings that Decedent was having complications breathing. Indeed, it does not require medical training to know that breathing is a necessary condition of living.

The cases relied upon by Defendant San Francisco are not to the contrary. For example, in *Lemire v. California Department of Corrections and Rehabilitation*, the Ninth Circuit found that certain defendants were not deliberately indifferent for failing to perform CPR because they either believed that the decedent was beyond resuscitation or they were performing other functions while other medical personnel assessed the decedent. 726 F.3d 1062, 1083-84 (9th Cir. 2013). In *Hines v. Youseff*, inmates sued based on being exposed to a heightened risk of getting Valley Fever. 914 F.3d 1218, 1223 (9th Cir. 2019). The Ninth Circuit found that the defendants were entitled to qualified immunity because the decision to remove inmates from the jail based on medical condition rather than race was consistent with scientific data and expert recommendations. *Id.* at 1235. As such, these cases do not support Defendant San Francisco's argument.

Accordingly, the Court finds that Doe Defendants are not entitled to qualified immunity as to the deliberate indifference claim at the pleading stage.

### D.    Familial Relationship Claim

Defendant San Francisco argues that the familial relationship claim should be dismissed because Plaintiffs fail to adequately allege a close relationship between Plaintiffs and Decedent.

"A decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018). "In the context of parent-child relationships specifically," however, "the Supreme Court has emphasized that the rights of parents are a counterpart of the

7

responsibilities they have assumed: 'the mere existence of a biological link does not merit equivalent constitutional protection.'" *Id.* at 1058 (quoting *Lehr v. Robertson*, 463 U.S. 248, 261 (1983)). Thus, "[j]udicially enforceable Fourteenth Amendment interests require enduring relationships reflecting an assumption of parental responsibility and stem from the emotional attachments that derive from the intimacy of daily association, and from the role it plays in promoting a way of life through the instruction of children." *Id.*

As an initial matter, Defendant San Francisco suggests there is doubt as to whether a familial relationship claim can be brought with respect to a parent and their adult children. (Def.'s Mot. to Dismiss at 13-14.) Binding Ninth Circuit authority, however, has found that a parent "possesses a constitutional right to the companionship of [their] adult [child]." *Sinclair v. City of Seattle*, 61 F.4th 674, 679 (9th Cir. 2023).

That said, there is no dispute that the only allegation relating to the familial relationship between Plaintiffs and Decedent is that Plaintiffs are the biological parents of Decedent. (Compl. ¶¶ 4-5.) Such bare allegations are insufficient to demonstrate the kind of "enduring relationships" required by the Ninth Circuit. *See Wheeler*, 894 F.3d at 1058; *contrast with Est. of Alvarado v. California*, No. CV 25-4059 PA (JPRx), 2025 U.S. Dist. LEXIS 126435, at *11-12 (C.D. Cal. July 1, 2025) (finding that allegations that the decedent was a "beloved son" and describing the decedent's personality according to his "loved ones" was sufficient to demonstrate a liberty interest in the familial companionship of the decedent); *Est. of Sosa v. Redondo Beach Police Dep't*, No. CV 25-2547 PA (JPRx), 2026 U.S. Dist. LEXIS 5658, at *14 (C.D. Cal. Jan. 9, 2026) (finding that allegations that the decedent and his mother had a very close relationship and that the decedent visited her often was sufficient to establish an adequately close relationship). Plaintiffs' reliance on *Muniz v. Pfeiffer* is not persuasive; there, the district court found that the existence of a parent-child relationship was sufficient without more. No. 1:19-cv-0233-LJO-JLT, 2019 U.S. Dist. LEXIS 162486, at *18-19 (E.D. Cal. Sep. 23, 2019). This ignores *Wheeler*'s finding that more is required than a biological relationship. *See* 894 F.3d at 1058 ("even biological parents must maintain consistent involvement in a child's life and participation in child-rearing activities for their relationship to be entitled to the Fourteenth Amendment protections at issue here"); *Orso v.*

*Cty. of Riverside*, No. EDCV 25-2522 JGB (DTBx), 2026 U.S. Dist. LEXIS 4484, at *16 (C.D. Cal. Jan. 9, 2026) ("Because Plaintiffs fail to allege in the complaint any 'enduring relationships reflecting an assumption of parental responsibility or emotional attachments that derive from the intimacy of daily association, Plaintiffs fail to sufficiently allege judicially enforceable Fourteenth Amendment interests between decedent [and his two children].").

Accordingly, the Court finds that Plaintiffs' familial relationship case must be dismissed without prejudice because it fails to allege an adequately close relationship between Plaintiffs and Decedent to support a Fourteenth Amendment claim.[2]

### E.    Negligence and Wrongful Death

Finally, Defendant San Francisco argues that the negligence and wrongful death claim cannot proceed due to various statutory immunities.  (Def.'s Mot. to Dismiss at 14.)

Given the procedural posture of this case, where federal jurisdiction is based on the claims against Doe Defendants as there are no federal claims brought against Defendant San Francisco, the Court finds it prudent to defer ruling on this claim.  As Defendant San Francisco points out, if Plaintiffs are ultimately unable to identify and serve Doe Defendants, the state claims against Defendant San Francisco would not proceed in this court.  (*See* Def.'s Mot. to Dismiss at 17.) Thus, it would be premature to rule on state law claims that may ultimately fall outside of this court's jurisdiction.  *See J.T.*, 2024 WL 1973471, at *3 (N.D. Cal. May 2, 2024) ("the Court declines to rule on Defendants' Motion to Dismiss in the *R.P.* case, which implicates state law claims against the City and County of San Francisco that might ultimately fall outside this Court's subject matter jurisdiction if R.P. is not able to identify and serve a defendant against whom he can state a viable claim under federal law.").

---

[2] In the reply, Defendant San Francisco argues for the first time Plaintiffs do not satisfy the requirements to assert a survivor claim, but this argument was never raised in the motion to dismiss. (*See* Def.'s Reply at 10.)  The Court will not address arguments raised for the first time on reply, as this prevents the other party from having a meaningful opportunity to address it. *Riegels v. Comm'r (In re Estate of Saunders)*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) ("Arguments raised only in footnotes, or only on reply, are generally deemed waived.").

United States District Court
Northern District of California

### IV.   CONCLUSION

For the reasons stated above, the Court GRANTS the motion to dismiss the Fourteenth Amendment familial relationship claim without prejudice, DENIES the motion to dismiss the deliberate indifference claim, and DEFERS ruling on the state claim brought against Defendant San Francisco.  Plaintiffs are given leave to conduct expedited discovery narrowly aimed at determining the identities of the individual Doe defendants.  Plaintiffs shall then file an amended complaint within **90 days** of the date of this order, absent an extension by the Court.

IT IS SO ORDERED.

Dated: February 25, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California